UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

DANIEL JEAN-FRANCOIS,

    Plaintiff,

vs.

ORKIN, INC.,

    Defendant.
_____/

## **COMPLAINT**

COMES NOW, Plaintiff, DANIEL JEAN-FRANCOIS, by and through her undersigned counsel, and sues the Defendant, ORKIN, INC., and alleges as follows:

### **INTRODUCTION**

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

### **JURISDICTION AND VENUE**

2. The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

### **PARTIES**

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

1

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

7. Plaintiff was a pest control technician employed by the Defendant since 2013.

8. Plaintiff worked out of the Defendant's Pompano Beach location, but also would perform services for the Delray and Hallandale locations if they were short-handed.

9. Plaintiff was terminated on September 10, 2017 due to him not arriving to appointments on time and coming in late.

10. However, Plaintiff attempted to explain to Defendant that he would be late beginning in the end of 2016 due to his mother being in and out of hospital from a stroke.

11. This is a serious health condition that would provide for FMLA leave.

12. However, Defendant stated this was not a good reason to be late, failed to provide Plaintiff with any FMLA paperwork, and rather used Plaintiff's tardies against him resulting in his termination.

## COUNT I

## FMLA INTERFERENCE

13. The Plaintiff incorporates by reference paragraphs 1-12 herein.

14. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

15. The Defendant unlawfully interfered with the Plaintiff's exercise of his FMLA rights by failing to provide FMLA benefits to the Plaintiff, despite being on notice of Plaintiff's need for leave due to his mother's serious health condition.

16. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

17. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, DANIEL JEAN-FRANCOIS, requests that judgment be entered against the Defendant, ORKIN, INC., for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: September 5, 2019.          Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: david@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ David Cozad*
DAVID M. COZAD, ESQ.
F.B.N.: 333920